**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

IN RE:

ELAINE DEREESE HARPER,                              CASE NO.: 06-40567-LMK

  Debtor.                                                        CHAPTER: 13
_____/

## ORDER DENYING EMERGENCY MOTION FOR STAY PENDING APPEAL

THIS MATTER is before the Court on the Emergency Motion for Stay or, in the Alternative, an Injunction Pending Appeal and Motion to Expedite Appeal, which was filed by Debtor Elaine Harper, *pro se*, on February 13, 2007 (Doc. 48). The Debtor is seeking a stay of this Court's February 7, 2007 Order Granting Relief from the Automatic Stay in favor of JPMorgan Chase Bank, National Association, f/k/a/ The Chase Manhattan Bank ("Chase") (Doc. 41). The Debtor filed a Motion for Reconsideration of the order granting relief from stay on February 7, 2007 (Doc. 40), which was denied by the Court on February 9, 2007 (Doc. 44), and the Debtor now seeks a stay pending appeal.

Chase sought relief from the automatic stay in order to evict the Debtor from certain property which Chase purchased at a foreclosure sale, and to which Chase obtained the corresponding Certificate of Title, in November of 2002. Without delving too deeply into a detailed history of the litigation leading up to this point, suffice it to say that this is the latest in a long series of legal actions through which the Debtor has attempted to avoid the foreclosure sale and transfer of title to Chase. After the Debtor filed her most recent bankruptcy petition, Chase filed its motion for relief from the automatic stay. On January 5, 2007, a telephonic hearing was held on the motion. The Debtor failed to make herself available for the hearing

despite due notice being given.  Finding that the collateral was sold to Chase at a foreclosure sale under nonbankruptcy law and that the state court issued a Certificate of Title to Chase over four years ago, this Court concluded that relief from the automatic stay was proper and entered an order granting such relief on February 7, 2007.  After her motion for reconsideration was denied, the Debtor appealed to the District Court and filed the present motion to stay the order granting relief pending appeal.

Federal Rule of Bankruptcy Procedure 8005 governs stays of orders of bankruptcy judges pending appeal.  In relevant part, it provides that "the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest."  Thus, the Court has discretion to grant a stay pending appeal in order to protect the rights of all parties involved.

Courts have developed four factors to assist determining whether a stay pending appeal should be granted in the bankruptcy context:  (1) the likelihood of success on the merits of the appeal; (2) whether the movant would suffer irreparable harm if the stay were denied; (3) whether granting the stay would inflict substantial injury on the other interested parties; and (4) the public interest.  *See In re Charter Co.*, 72 B.R. 70, 71-72 (Bankr. M.D. Fla. 1987) (stating that the movant must "clearly establish" these factors in order to prevail, and that courts may afford the different factors different weight depending on the circumstances); *In re Hi-Toc Development Corp.*, 159 B.R. 691, 692 (S.D.N.Y. 1993) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776-77 (1987)); *In re Access Cardiosystems, Inc.*, 340 B.R. 656, 659-60 (Bankr. D. Mass. 2006) (reaffirming the conclusion that "a stay pending appeal should not be granted if any of the factors is entirely absent").

In this case, none of the factors weigh in favor of granting the stay pending appeal, and at least one factor is entirely absent. First, there is no likelihood that the Debtor will succeed on the merits. Though the stay prevents creditors from commencing or continuing certain actions, the only property that the automatic stay protects is "property of the estate" or "property of the debtor." *See* 11 U.S.C. § 362(a). The property at issue here was sold to Chase at a foreclosure sale more than four years ago; thus, the Debtor has no interest in such property. Since the Debtor has no interest in the property, it is neither property of the estate nor property of the debtor, *see* 11 U.S.C. § 541, and therefore the automatic stay does not operate to protect it. *See* 11 U.S.C. § 362. Clearly, then, the Debtor's position is without merit, and Chase should be granted relief from the automatic stay in order to commence or continue a legal action to evict the Debtor from property in which neither she nor the bankruptcy estate have an interest.

Second, the Debtor would not suffer irreparable harm if the stay pending appeal were denied. As explained above, the Debtor has no legal interest in the property. Although eviction may be a hardship for the Debtor, her legal rights will not be harmed irreparably since she is merely a tenant at sufferance with no colorable legal claim to title to the property.

Third, granting the stay pending appeal would inflict substantial injury on Chase. Chase has been engaging in litigation with the Debtor over this property for years. The Debtor has had little to no success in the various other forums where the matters presented in this case have been considered. Forcing Chase to wait even longer when there is no likelihood of the Debtor succeeding on the merits would inflict substantial injury on Chase.

Fourth, the public interest would be furthered by denying the motion to stay pending appeal. The public has an interest in the finality of judicial proceedings, including foreclosure sales and the issuance of certificates of title. Denying the stay pending appeal would further

notions of finality for state court proceedings and would also reinforce principles of federalism by discouraging parties from seeking to avoid valid state court determinations through the federal bankruptcy courts. *See In re Tomasevic*, 275 B.R. 86, 100-01 (Bankr. M.D. Fla. 2001); *In re de Kleinman*, 136 B.R. 74, 78-79 (Bankr. S.D.N.Y. 1992); *see also generally San Remo Hotel, L.P. v. City and County of San Francisco, California,* 545 U.S. 323, 336-47 (2005).

Moreover, the Debtor has had a bankruptcy case dismissed within the last year, so the automatic stay was not in effect with respect to Chase's eviction action at the time the motion for relief from stay came on for hearing. *See* 11 U.S.C. § 362(c)(3). The Debtor filed Case Number 05-41185-LMK on September 19, 2005, and it was dismissed on December 22, 2005 for failure to make plan payments, failure to provide tax returns to the Trustee, failure to file a Chapter 13 Plan or Schedules, and failure to appear at the 11 U.S.C. § 341 meeting of creditors. The present case was filed on December 19, 2006; thus, the Debtor had a case that was pending within the preceding one-year period but was dismissed under 11 U.S.C. § 1307. *See* 11 U.S.C. § 362(c)(3). In such cases, the automatic stay terminates thirty days after the filing of the later case as to actions against property of the debtor. 11 U.S.C. § 362(c)(3)(A). Neither the Debtor nor any other party in interest filed a motion to extend the stay pursuant to 11 U.S.C. § 362(c)(3)(B). Therefore, the automatic stay terminated by operation of law before Chase's motion for relief from the automatic stay was heard on February 5, 2007, and Chase's motion for relief from stay was technically moot.

The four factors traditionally considered in determining whether a stay pending appeal should be granted weigh in favor of denying the Debtor's motion under Fed. R. Bank. P. 8005. Furthermore, with respect to Chase's actions with respect to the Debtor, the automatic

stay of 11 U.S.C. § 362 was not even in effect at the time the motion for relief came on for hearing. Accordingly, it is hereby

ORDERED and ADJUDGED that the Debtor's Emergency Motion for Stay or, in the Alternative, an Injunction Pending Appeal and Motion to Expedite Appeal (Doc. 48) is DENIED.

DONE and ORDERED in Tallahassee, Florida this  16   day of February, 2007.

_____
LEWIS M. KILLIAN, JR.
United States Bankruptcy Judge

cc: All parties in interest